UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EZEQUIEL PAULINO MARCELINO,

Petitioner,

v.

CHRISTOPHER J. LAROSE, in his official capacity as Senior Warden of Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  3:26-cv-04098-RBM-SBC

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 2]**

Before the Court is Petitioner Ezequiel Paulino Marcelino's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 2.) For the reasons below, the Court **GRANTS in part** the Petition (Doc. 2).

## I.   BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection as a minor in 2006.  (Doc. 2 ¶ 85.)  Petitioner has resided here since, getting married and raising United States citizen children.  (*Id.* ¶¶ 86–87.)  On June 26, 2026, Petitioner was arrested for allegedly driving without a license and taken to county jail.  (*Id.* ¶ 88.)  Petitioner was transferred to United States Immigration and Customs Enforcement ("ICE") custody after posting bond.  (*Id.* ¶ 89.)  "ICE detained Petitioner without a warrant."  (*Id.* ¶ 90.)  After being transferred between several detention facilities, Petitioner was taken to Otay Mesa Detention Center, where he remains today.  (*See id.* ¶¶ 92–100.)  Petitioner has not received a bond hearing, and his removal proceedings remain pending.  (*See id.* ¶¶ 103–105.)

1

On July 16, 2026, Petitioner filed the Petition.  (Doc. 2.)  The Court issued a briefing schedule that same day.  (Doc. 3.)  Respondents filed their Response to Petition on July 22, 2026.  (Doc. 5.)  Petitioner filed his reply on July 30, 2026.  (Doc. 8.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that his warrantless arrest violates 8 C.F.R. §§ 287.8(c)(2)(I)–(II), the Fifth Amendment's Due Process Clause, and the Immigration and Nationality Act. (Doc. 2 ¶¶ 106–124.)  Petitioner argues that immediate release is the appropriate remedy. (*Id.*, Prayer for Relief.)  Alternatively, he argues that he is entitled to a bond hearing, but that the bond hearing should be held by this Court because of structural barriers to the impartiality of the immigration courts.  (*Id.*; *see also* Doc. 8 at 4–8.)  Respondents oppose Petitioner's immediate release and, although they argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), "acknowledge the prior orders from this District . . . [and] therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. §1226(a)."  (Doc. 5 at 1–2.)  The Court finds that, although Petitioner is not entitled to immediate release, he is "entitled to an initial custody determination and, if denied release, a bond hearing before an Immigration Judge to review that initial custody determination." *Garcia De Melo v. Stamper*, No. 1:26-cv-00152-JAW, 2026 WL 925672, at *3 (D. Me. Apr. 6, 2026).

3:26-cv-04098-RBM-SBC

**A.    Lack of a Warrant**

Petitioner argues that Respondents failed to comply with the warrant requirement of § 1226(a) or 8 C.F.R. § 287.8(c) in detaining Petitioner, and that the remedy for this violation is immediate release.  (Doc. 2 ¶¶ 106–124; Doc. 8 at 2–4.)  Respondents argue that "Petitioner was issued an administrative warrant on July 7, 2026," and that "8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government 48 hours to issue a warrant if it determines that the noncitizen will remain [in] custody."  (Doc. 5 at 2.)

At the outset, the Court notes that since the Petition was fully briefed, the Ninth Circuit issued its decision in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026).  In *Rodriguez*, the Ninth Circuit rejected Respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."  *Id.* at *10.  Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for about 20 years (*see* Doc. 2 ¶¶ 85–87), the discretionary detention procedures of § 1226(a) govern Petitioner's detention.

"Discretionary detention under § 1226(a) requires a warrant."  *Garcia De Melo*, 2026 WL 925672, at *5 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("But [section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General.")).  And "when arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*."  *Makuiza v. Wesling*, 826 F. Supp. 3d 176, 180 (D. Me. 2026) (citing 8 C.F.R. § 287.3(d)).  It is disputed whether Respondents complied with these requirements in this case.  Assuming without deciding that Petitioner is correct that Respondents failed to adequately comply with the warrant requirement, Petitioner is still not entitled to immediate release.  As another court reasoned:

> . . . [T]he Court does not agree that this conclusion requires [the petitioner's] immediate release.  Instead, the Court concludes that the 48-hour clock for

Respondents to conduct an initial custody determination begins at the date and time of this order.  Unlike in *Makuiza*, in which the Government initially detained the noncitizen pursuant to § 1226(a) but "neglected to" "justify[ ] its arrest decision[ ]," *id.* at *3-4, 11, in this case, Respondents do not concede [petitioner] is subject to § 1226(a) but rather maintain, consistent with controlling agency precedent, he is subject to mandatory detention under § 1225(b)(2), which does not require an initial custody determination or warrant.  Moreover, to retroactively apply the Court's § 1226(a) determination in this matter would place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule.

Rather, in this case, given that Respondents have maintained since his arrest that [petitioner] is that subject to mandatory detention under § 1225(b)(2), the forty-eight-hour custody determination clock begins to run at the time of this Court's determination that [petitioner] is subject to § 1226(a). Accordingly, the Court will order Respondents to conduct an initial custody determination of [petitioner] pursuant to § 1226(a), at which point they may either release him or continue to detain him. If Respondents continue his detention, they must obtain an authorizing warrant and, [ ], later provide [petitioner] a bond hearing before an Immigration Judge.

*Garcia De Melo*, 2026 WL 925672, at *5.

The Court finds the reasoning of *Garcia De Melo* persuasive and adopts it here.  The Court thus **<u>DENIES</u>** the Petition to the extent it seeks immediate release.  The Court instead finds that a bond hearing is the appropriate remedy.  *Accord Gonzalez-Ramos v. Mullin*, Case No.: 26-CV-3159 JLS (GC), 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026); *Lopez-Perez v. Johnson*, No. 1:26-cv-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026); *Aguilar-Martin v. Blanche*, 3:26-cv-03130-RBM-DDL, ECF No. 16 (S.D. Cal. July 30, 2026).

**B.      Request for a Bond Hearing Before this Court**

Petitioner argues that any such bond hearing should be before this Court, as the immigration courts are incapable of adjudicating cases impartially because they "are subject to institutional capture by the Executive's mass-deportation, mass-detention

3:26-cv-04098-RBM-SBC

policies." (Doc. 8 at 4–5 (citations omitted).) The Court previously rejected a similar request, explaining that "[b]ased on the Court's observations in nearly 100 habeas petitions over which it has presided in the last five months," it does not find that the immigration courts would disobey a Court order to hold a bond hearing. *See Zhakuov v. Noem*, Case No.: 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at \*4 (S.D. Cal. Feb. 25, 2026) (citations omitted). The Court has now presided over about 200 habeas petitions, and has not observed that petitioners are so unlikely to obtain relief in the immigration courts that the immigration courts are a mere "extension of DHS' deportation and detention programs" or follow "instructions to defy district court rulings that impede DHS's enforcement goals." (Doc. 8 at 5.)[1] Accordingly, the Court will not preside over Petitioner's bond hearing.

## IV.    **CONCLUSION**

For the foregoing reasons, the Petition (Doc. 2) is **GRANTED in part**. The Petition is **DENIED** to the extent it seeks immediate release. The Court **ORDERS** that **within 48 hours of the issuance of this Order**, Respondents **shall conduct** an initial custody determination pursuant to 8 U.S.C. § 1226(a), at which point they may (1) release Petitioner or (2) continue his detention if deemed appropriate.

If Petitioner is not released, and no arrest warrant has been issued, Respondents **shall immediately seek** an arrest warrant. If the warrant is not granted, Respondents **shall release** Petitioner. If the warrant is granted, the Government **shall provide** Petitioner with an individualized bond hearing under § 1226(a) **within 14 days** of the initial custody determination unless the noncitizen requests a continuance. At any such bond hearing, the noncitizen **shall bear** the burden of demonstrating, by a preponderance of the evidence,

---

[1] *See, e.g., Quang v. LaRose*, 3:26-cv-02236-RBM-AHG, ECF No. 9 (S.D. Cal. June 17, 2026) (status report indicating the petitioner was released on bond); *Morales Juarez v. Mullin*, 3:26-cv-03910-RBM-BJW, ECF No. 8 (S.D. Cal. July 24, 2026) (same); *Haftekiros v. LaRose*, 3:26-cv-03658-RBM-SBC, ECF No. 9 (S.D. Cal. July 10, 2026) (same); *Atjun v. LaRose*, 3:26-cv-03820-RBM-MMP, ECF No. 8 (S.D. Cal. July 16, 2026) (same).

3:26-cv-04098-RBM-SBC

that he is not a danger to the community or a risk of flight. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Respondents **shall file** a status report attesting to their compliance with the requirements above, including the outcome of the custody determination and, if appropriate, the bond hearing, on or before **August 31, 2026**.

**IT IS SO ORDERED.**

DATE:  July 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

6

3:26-cv-04098-RBM-SBC